**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Corinne Mollica Traina, | : | Chapter 13 |
| | : | |
| Debtor: | : | Bky. No. 21-13215 (PMM) |
| | : | |
| Corinne Mollica Traina, | : | |
| | : | |
| Plaintiff. | : | Adv. No. 22-0018 (PMM) |
| | : | |
| v. | : | |
| | : | |
| Easton Exchange Inc. dba | : | |
| Easton Exchange Co., | | |
| Defendant. | : | |
| | : | |

# O R D E R

**AND NOW**, upon consideration of the Plaintiff's Emergency Motion for a Preliminary Injunction (doc. #2, "the Motion"), and the request for an expedited hearing thereon, and sufficient cause being shown, it is hereby **ORDERED** that:

*Expedited Request*

1. The request for an expedited hearing is **GRANTED**.

2. A hearing to consider the Motion (the "Expedited Hearing") shall be held on **March 8, 2022 at 11:00 a.m. in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601**.

3. Written objections or other responsive pleadings to the Motion (while not required) may be filed up to the time of the hearing and all objections will be considered at the hearing.

4. The Movant shall serve the Motion and this Order on the U.S. Trustee, the case Trustee, the individual Respondent, all secured creditors and all priority creditors by overnight mail, facsimile transmission or e-mail transmission no later than **5:00 p.m.** on or before **March 1, 2022**. Service under this Paragraph is effective if made to each party identified above through the court's CM/ECF system.

5. The Movant shall serve this Order and a Notice of the Motion in conformity with Local Bankruptcy Form 9014-3 on all other parties in interest, including creditors, by regular mail no later than **5:00 p.m.** on **March 1, 2022**. The Movant shall file a Certification of Service as required by Local Rule 9014-4.

*Request for Preliminary Relief*

It is further **ORDERED** that:

6. The Motion for preliminary relief pursuant to F.R.C.P. 65(b)[1] is **granted**;[2]

7. The **temporary restraining order** shall be effective **immediately (5:00 p.m. on February 28, 2022)**.

8. The temporary restraining order shall remain in effect for 14 days, until **March 14, 2022 at 5:00 p.m.**, or until further order of the Court.

---

[1] The Motion and proposed Order purportedly seek a preliminary injunction. However, the relief available prior to a hearing is a temporary restraining order. See F.R.C.P. 65; Hope v. Warden York Cty. Prison, 956 F.3d 156, 160 (3d Cir. 2020).

[2] The Motion adequately sets forth facts that indicate that preliminary relief is necessary in order to prevent potential irreparable injury that would occur if the Plaintiff's jewelry were improperly sold. See F.R.C.P. 65, incorporated by F.R.B.P. 7065; In re Mushrooms, Inc., 2010 WL 2991162, at *2 (Bankr. E.D. Pa. July 20, 2010) (outlining the factors which must be considered prior to the issuance of a preliminary injunction); In re JBJ Const. LLC, 2014 WL 1779376, at *2 (Bankr. N.D. Ala. May 5, 2014) (standard for preliminary injunction and temporary restraining order are substantially similar).

9. Pursuant to this Order, the Defendant, Easton Exchange, Inc. is **temporarily restrained** from **selling, transferring, or otherwise disposing** of any property belonging to the Debtor, including, but not limited, to the jewelry described in the Complaint in the above-captioned Adversary Proceeding; and

10. The Expedited Hearing will consider, *inter alia*, whether a preliminary injunction pursuant to F.R.C.P. 65(a) should be granted (maintaining the status quo until the merits of the Complaint can be adjudicated).

**Date: 2/28/22**

*/s/ Patricia M. Mayer*

_____
 PATRICIA M. MAYER
 U.S. BANKRUPTCY JUDGE